George Haines, Esq.                                            E-FILED: July 7, 2010
Nevada Bar No. 9411
David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
1020 Garces Ave.
Las Vegas, NV 89101
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@hainesandkrieger.com
Attorney for Thomas L. Witherby and Nida A. Witherby

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>        **Thomas L. Witherby and Nida A. Witherby**,<br><br>                                    **Debtor(s).** | **Case No. BKS-10-20208-LBR**<br>**Chapter 13**<br><br>**Hearing Date:   OST REQUESTED**<br>**Hearing Time:  OST REQUESTED** |

## <u>MOTION TO IMPOSE AUTOMATIC STAY</u>

Now Come, Thomas L. Witherby and Nida A. Witherby (hereinafter the "Debtors"), through the law firm of HAINES & KRIEGER, L.L.C., and attorney George Haines, Esq., and moves this Court pursuant to 11 U.S.C. § 362(c)(4) for an Order continuing the automatic stay provided under §362(a) as to all creditors, and states:

1.      Debtors filed the instant Chapter 13, Case Number 10-20208, on June 01, 2010.

2.      Debtors previously filed a Chapter 13 Case No. 10-10880, which was dismissed on or about May 17, 2010.

3.      Debtors previously filed a Chapter 13 Case No. 09-21022, which was dismissed on or about December 29, 2009.

4.   Case No.  09-21022 was dismissed for circumstances beyond the Debtors'
control.  Specifically, Debtors were in the process of working out a loan
modification with their lender, Wells Fargo. In this process of working on this
loan modification, Debtors fell behind on trustee payments because the
Debtors' income could not support their monthly obligations.

5.   Case No. 10-10880 was dismissed for circumstances beyond the Debtors'
control.  Specifically, the Debtors' fell behind on their mortgage and trustee
payments due to a shortfall in income and a motion for relief was filed and
granted.  Thereafter the Debtor's case was dismissed.

6.   The Debtors' are not generating substantially more income and can fund their
present Chapter 13 plan.

7.   **A notice of Trustee Sale is set for August 2, 2010 at 10:00 A.M on the
Debtors' home**.

8.   The petition in the instant case was filed in good faith. Debtors believe that
the Chapter 13 Plan submitted will be confirmed and that the Debtors will be
able to fully perform under the terms of the Plan.

WHEREFORE, Debtors pray that this Court continues imposition of the
automatic stay under § 362(a) as to all creditors for the duration of this Chapter 13
proceeding, or until such time as the stay is terminated under § 362(c)(1) or (c)(2) or a
motion for relief is granted under § 362(d);

Or, in the alternative, Debtors pray that this Court find that all scheduled
assets listed in Debtors' Bankruptcy Schedules A through J are property of the Debtors'
Bankruptcy Estate unless otherwise indicated in the Debtors' schedules.  Accordingly,
any Creditor seeking relief from stay pursuant to 11 U.S.C. § 362 regarding any asset of
the Debtors' bankruptcy estate must file and serve a written motion as required under
F.R.B.P. 9014 and LR 9014.  *See Jumpp v. Chase Home Fin., LLC (In re Jumpp)*, 356
B.R. 789 (B.A.P. 1st Cir. 2006).

**Debtors further request that LR 9021 be waived in the instant matter.**


Dated: July 7, 2010

/s/George Haines, Esq.
George Haines, Esq.
Attorney for Debtors(s)